UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANAYA FLORES, | No. 1:26-cv-00069-DAD-JDP |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND DENYING PETITION'S SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| TODD M. LYONS, et al., | |
| Respondents. | (Doc. Nos. 9, 13) |

This matter is before the court on petitioner's motion for preliminary injunction and renewed motion for temporary restraining filed on February 5, 2026, and petitioner's supplemental motion for preliminary injunction and renewed motion for temporary restraining order filed on March 25, 2026. (Doc. Nos. 9, 13.) On January 5, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)

On January 1, 2026, the court granted petitioner's motion for temporary restraining order and ordered that respondents provide petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. No. 8.) Therein, the court found that petitioner's statutory right to a bond hearing provides him with adequate process to protect against an erroneous deprivation of his liberty interests pursuant to *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) ("§ 1226(a)'s procedures

1

satisfy due process, both facially and as applied to Rodriguez Diaz."). Petitioner's bond hearing took place on January 20, 2026, before an immigration judge ("IJ"). (Doc. No. 12 at 2.) On February 5, 2026, petitioner filed a motion for preliminary injunction and renewed temporary restraining order. (Doc. No. 9.) Therein, petitioner argues that the bond hearing provided to him was constitutionally inadequate. (*Id.* at 3.) On February 12, 2026, respondents filed an opposition to petitioner's pending motion in which they argue the court should deny petitioner's motion because the proper procedure to follow in challenging an IJ's bond determination is via appeal to the Board of Immigration Appeals ("BIA"). (Doc. No. 11 at 2.) On February 17, 2026, petitioner filed a reply in support of his pending motion in which he argues that his continued detention has now become prolonged because it has crossed the six month threshold, entitling him to a hearing at which respondents bear the burden of showing he is a danger or flight risk. (Doc. No. 12 at 5–7.) On March 25, 2026, petitioner filed a supplemental motion for preliminary injunction and renewed motion for temporary restraining order, in which he argues that his prolonged detention and respondents' indifference to his medical needs requires his immediate release. (Doc. No. 13 at 5–8.)

With regard to petitioner's first argument, that his hearing was constitutionally inadequate, the court reviews an IJ's decision for "abuse of discretion" and the court may only determine whether the IJ applied the correct legal standard at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (noting that "the district court's review of the BIA's 'dangerousness' determination is for abuse of discretion" and that "we cannot reweigh evidence . . . [but] can [only] determine whether the BIA applied the correct legal standard."). Petitioner argues that the January 20, 2026 hearing was inadequate because the IJ's decision to deny him bond was "untethered to the evidentiary record and contrary to governing standards for custody re-determinations." (Doc. No. 9 at 3–6.) Petitioner has not provided the court with a transcript of the bond hearing that would allow the court to determine whether the record reflects that the IJ applied the correct legal standard at that hearing. In any event, if petitioner is suggesting that the IJ erred by placing the burden on petitioner at the bond hearing conducted pursuant to this court's order, his argument is misplaced and a review of the hearing transcript would be unnecessary.

That is because at a bond hearing conducted pursuant to 8 U.S.C. § 1226(a) it is the petitioner's burden to prove that he poses neither a danger to the community or a flight risk if released. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Nothing in § 1226(a)'s text—which says only that the Attorney General 'may release' the alien 'on . . . bond'—even remotely supports the imposition of" "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary"); *see also Rodriguez Diaz,* 53 F.4th at 1203, 1212 (noting that, based on the record before the court, placing the burden of proof on the government did not appear to be "constitutionally necessary in all, most, or many cases" in order to minimize the risk of error).

Petitioner next argues that his prolonged detention entitles him to a due process bond hearing where the burden of proof is placed on the government to show that he is a danger or a flight risk. (Doc. No. 12 at 5–7.) The court notes that petitioner has not alleged a due process violation in his petition but instead limited his claim for relief to a violation of the Immigration and Nationality Act ("INA"). (Doc. No. 1 at 6–7.) Regardless, the Ninth Circuit has stated that on its face the Due Process Clause does not entitle petitioner "to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." *Rodriguez Diaz,* 53 F.4th at 1203.

*Rodriguez Diaz* left open as-applied due process challenges to detention pursuant to § 1226(a). *Id.* at 1213. The petitioner in *Rodriguez Diaz* was detained for approximately fourteen months and received a bond hearing approximately two months into his detention, yet the court found that his as-applied challenge failed in part because, "we cannot simply count his months of detention and leave it at that. We must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." *Id.* at 1208. Here, petitioner has been detained for approximately nine months and has received a bond hearing. (See Doc. No. 1 at ¶ 5 ) (stating petitioner was detained on July 4, 2025). Pursuant to the § 1226(a) procedures, petitioner had the opportunity to appeal his bond determination to the BIA or request a custody re-determination hearing pursuant 8 C.F.R. § 1003.19(e). Given that petitioner did not assert an as-applied Due

3

Process Clause challenge in his pending petition, the court is unable to find that petitioner is likely to succeed on the merits of such a claim.

Finally, petitioner's argument regarding respondents' indifference to his medical needs appears to challenge the conditions of his confinement. Petitioner also did not allege this claim in his pending habeas petition and, even if he had, whether such a claim is cognizable under habeas review is at the very least questionable. *See Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("We have long held that prisoners may not challenge mere conditions of confinement in habeas corpus . . ."); *cf. Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (explaining it need not reach the issue of whether conditions of confinement may be remedied on habeas review because plaintiffs brought, "a class action complaint for declaratory and injunctive relief seeking to remedy allegedly unconstitutional conditions at Adelanto[]"); *Zepeda Rivas v. Jennings*, 845 F. App'x 530, 534 (9th Cir. 2021) (noting that, "[t]he Fifth Amendment requires the government to provide conditions of reasonable health and safety to people in its custody," and explaining the showing required in order to support such a claim).[1] Again, because petitioner has not asserted such a claim in his habeas petition, the court is unable to find that he is likely to succeed on the merits of a claim that respondents have acted with indifference to his serious medical needs.

For the reasons explained above,

1.     Petitioner's renewed motion for a temporary restraining order, or alternatively, motion for preliminary injunction (Doc. No. [9]) is DENIED;

2.     Petitioner's supplemental motion for temporary restraining order and preliminary injunction (Doc. No. 13) is DENIED; and

/////

/////

/////

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

4

3.    Petitioner's habeas petition (Doc. No. 1) and motion to amend the petition (Doc. No. 14) are REFERRED to Magistrate Judge Jeremy D. Peterson for further proceedings.

IT IS SO ORDERED.

Dated:    **April 28, 2026**                          _____
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE