UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANAYA FLORES (A-Number: 077-278-376),<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-0069-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Martin Anaya Flores entered the United States at an unknown time and was detained by ICE in 2025.  Petitioner, proceeding with counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Immigration and Nationality Act.  The court issued injunctive relief, ordering petitioner to be afforded a bond hearing.  Petitioner was provided that hearing, at which he was denied bond.  Petitioner now moves to amend his petition.  For the following reasons, I recommend that petitioner's motion to amend be denied and that the petition be dismissed without prejudice for petitioner's failure to exhaust his administrative remedies.

**Background**

Petitioner entered the United States at an unknown time.  ECF No. 3-4 at 11.  There is no allegation or evidence that, prior to his present detention, petitioner had any contact with immigration officials.  In July 2025, petitioner was detained by ICE in California.  *Id.*

1

**Procedural History**

On January 5, 2026, petitioner filed a petition for writ of habeas corpus, and, on the following day, he filed a motion for temporary restraining order. ECF Nos. 1 & 3. On January 8, 2026, respondents filed a response to petitioner's motion for temporary restraining order. ECF No. 6. Four days later, the court granted petitioner's motion for temporary restraining order and ordered respondent to "provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." ECF No. 8.

On January 20, 2026, petitioner was provided a bond hearing, at which the immigration judge denied bond based on the finding that petitioner is a flight risk. *See* ECF No. 9-1 at 2. On February 5, 2026, petitioner filed a renewed motion for temporary restraining order. ECF No. 9. On April 29, 2026, the court denied this motion and referred the matter to me. ECF No. 15.

While petitioner's renewed motion for temporary restraining order was pending, petitioner filed a motion to amend his petition. ECF No. 14. Respondents have filed an opposition to this motion. ECF No. 17.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner has failed to exhaust his administrative remedies. Accordingly, his motion to amend should be denied because amendment would be futile, and the petition should be

dismissed without prejudice.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, it does not appear that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. On the contrary, courts have found that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). Although neither party has provided documentation of the bond hearing, there is presumably a written order, transcript, and/or audio recording; it therefore appears that consideration by the Board of Immigration Appeals ("BIA") is unnecessary to generate a record or for this court to reach a proper decision. For these reasons, the first *Puga* factor does not weigh in favor of

3

finding exhaustion prudential.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Indeed, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. Petitioner does not establish any such grounds for excusing the exhaustion requirement.[1] Accordingly, because petitioner does not

---

[1] To the extent that petitioner argues that the exhaustion requirement should be excused based on his allegation that his bond hearing was constitutionally inadequate, I disagree for the

demonstrate that the exhaustion requirement should be excused, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same). Similarly, petitioner's motion to amend should be denied because amendment would be futile in light of petitioner's failure to exhaust. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Lastly, the Court of Appeals' decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), is persuasive. In that case, after the petitioner filed a habeas petition, the court ordered that petitioner be afforded a *Casas-Castrillon* hearing.[2] *Id*. at 1159. The petitioner was provided a hearing, at which the IJ denied bond based on the finding that the petitioner "posed a danger to the community." *Id*. "Rather than appealing the IJ's adverse bond determination to the BIA, [the petitioner] filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order." *Id*. The Court of Appeals held that "[t]his short cut was improper" and that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id*. at 1160. The court further held that "[o]nce the BIA rendered its decision, [the petitioner] could have properly pursued habeas relief in the district court." *Id*. Accordingly, the court remanded the case with instructions for the district court to

---

reasons stated by the court in denying petitioner's renewed motion for temporary restraining order. *See* ECF No. 15 at 2-3; *see also Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims.").

[2] A *Casas-Castrillon* hearing was afforded to a noncitizen detained under 8 U.S.C. § 1226(c) and whose "immigration case reaches judicial review" such that their detention is then governed under 8 U.S.C. § 1226(a), which provides for a bond hearing. *Avilez v. Garland*, 69 F.4th 525, 528 (9th Cir. 2023) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)). The Court of Appeals has since overturned *Casas-Castrillon*, holding that section 1226(c) "authorizes detention during the judicial review phase of removal proceedings." *Id*. at 537. While *Casas-Castrillon* is no longer good law, and the hearing in the present action is distinct, *Leonardo* is nonetheless instructive.

dismiss the action without prejudice. *Id*. at 1161.

Here, as in *Leonardo*, the court ordered a bond hearing, petitioner was denied bond at that hearing, and petitioner has sought judicial review before exhausting administrative remedies. Given these core similarities, the Court of Appeals' reasoning from *Leonardo* is persuasive; petitioner's "short cut was improper" and he must exhaust administrative remedies—i.e., wait until the BIA issues its decision on his appeal—before seeking habeas relief. *See id.* at 1160. Accordingly, as in *Leonardo*, I find that this action should be dismissed without prejudice. *See id.* at 1161.

## Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

2. Petitioner's motion to amend, ECF No. 14, be DENIED.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 24, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7